THE STATE, HENRY J. DeMOTT, PROSECUTOR, v. WILLIAM TAYLOR, DEFENDANT.

A stipulation entered into between parties to an action in a justice's court, before the return day of the summons, that the cause shall stand adjourned to a certain day without prejudice to either party, does not contain a waiver of the statutory requirement that if the defendant

have a set-off he shall deliver it to the justice on or before the day to which the hearing shall be first adjourned.

On *certiorari.*

An action was commenced by William Taylor against Henry J. DeMott in the court for the trial of small causes. The summons in the cause was made returnable on December 3d, 1887. On December 2d, 1887, the following stipulation was signed by the respective parties

" *To Justice Schor :*

"It is hereby stipulated between the said plaintiff and the said defendant that this case stands adjourned to Friday, December 16th, 1887, at 2 P. M., at Justice Schor's office, in Leonia, and without prejudice to either party.

" WILLIAM TAYLOR, *Plaintiff,*

"HENRY J. DEMOTT, *Defendant.*

"Dated December, 1887."

Under date of December 16th, 1887, Mr. H. J. DeMott wrote to the justice the following :

"Mr. Taylor informed me this morning that he had seen you last evening, and had agreed to adjourn the trial till Thursday next, at 2 o'clock P. M., at H. Wert hotel. I hope this is correct, and I do agree to it, and will do all in my power to be ready then."

On December 22d, the day mentioned in the preceding letter as the day to which the parties had agreed to adjourn the cause, the parties met at the place named. The defendant tendered a plea of set-off, which plea the justice refused to file.

Judgment was entered against the defendant. An appeal was taken to the Court of Common Pleas of Bergen county, and that court refused to permit the defendant to file or prove his set-off, and without having regard to the existence of any set-off entered judgment against the defendant. The latter judgment is brought up by this writ of *certiorari.*

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the plaintiff in *certiorari, Peter W. Stagg.*

For the defendant, *C. H. Voorhis.*

The opinion of the court was delivered by

REED, J.   The reasons assigned for reversal are directed against the act of the court in refusing to recognize the plea of set-off which the defendant tendered and offered to prove.

The refusal of the court to permit the set-off to be pleaded or proven was induced by the language of the Small Cause act, as contained in section 23, page 544, of the Revision.   This language is as follows:

"If the defendant have any account or demand against the plaintiff, he shall be permitted to discount or set-off the same against the account, debt or demand of such plaintiff, but such copy of his or her account, or state of his or her demand, intended to be set-off shall be delivered to said justice on or before the return day of the summons, or on or before the day to which the hearing shall be first adjourned."

As already appears from the statement of facts, the set-off was not delivered to the justice within the time mentioned in the statute, but was first tendered on the day to which the cause was adjourned for the second time.

The counsel for the defendant below, however, contends that the stipulation entered into between the parties in reference to the first adjournment contains a waiver on the part of the plaintiff of his right to rely upon the statutory restriction.

In this stipulation, after the agreement that the cause should stand adjourned, the following words occur: "and without prejudice to either party."   It is in the last phrase that the waiver is said to exist.

It is insisted that by reason of this agreement the first should not be counted in the reckoning of adjournments, but that the second adjourned day should be regarded as the day to which the cause was first adjourned.

Assuming that the agreement was proven in the trial below, in what way, if in any, should it have influenced the conduct of the justice in dealing with the proffered set-off ?

The natural import of the words " without prejudice," as they were used in the stipulation, was that no harm should result to the rights of either party by reason of his consent to the adjournment at that time.

The parties probably had no specific injury in their minds at the time when they signed the stipulation.    It was used as a general expression which might shield the parties against some possible injurious result arising from a consent to anything in the course of a legal proceeding.

As used, the words would probably save the right to make an objection to irregularity in the service of process which would otherwise be waived by the appearance and consent, or would prevent the parties from raising the objection that the cause was adjourned before the return day.

But I am at a loss, when looking for any way by which the right of the defendant to file his set-off is affected by the stipulation, to discover it.    The right of the defendant to file his set-off, and his duty to do so, on the first adjourned day, existed without regard to whether the adjournment was made by consent of the parties (as first adjournments usually are) or by the order of the court without consent.    The defendant was in no way prejudiced in this respect, either by the adjournment or by the agreement to adjourn.

An agreement which is intended to dispense with any statutory requirement and permit an opposite party to disregard the rule of practice laid down by the statute for the guidance of the court should be clear and unambiguous.    The court is bound to conform strictly to the requirements of the Small Cause act.    If it fails to do so it is error.    This is especially so if it permits a deviation from the statutory practice in favor of one party against the objection of the other party or his counsel.

If the present agreement had stated that the adjournment therein provided for should not be regarded as an adjourn-

ment so far as it would affect the defendant's right to file a set-off, or if it had stated that it should be regarded as an extension of the return day, then it would have been plainly visible to the court that the agreement was a waiver of the statutory requirement that the plea should be filed on the day to which this adjournment was made.

The present agreement does not contain such an understanding, either expressly or, as I regard it, impliedly, and I think that neither the justice nor the Court of Common Pleas committed error in adhering to the terms of the statute in respect to the period within which the defendant was required to file his set-off.

Judgment below is affirmed.